IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORIO B. PORTILLO and
CASSIE MARIE GLADNEY,

      Plaintiffs,

      vs.                                                     No. CIV 98-713 MV/WWD

THE CITY OF ALBUQUERQUE; CITY
OF ALBUQUERQUE OFFICER
ROBERT JEFFREY, in his individual
capacity; CITY OF ALBUQUERQUE
OFFICER FELIX MARTINEZ, in his
individual capacity; BERNALILLO
COUNTY DETENTION CENTER
CORRECTIONS OFFICERS-- JOHN
DOE I AND JOHN DOE II, in their
individual capacities, and THE
UNIVERSITY OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion in Limine No. II: Exclusion of Claims Against the City of Albuquerque for Acts of Unknown Officers at the Bernalillo County Detention Center, filed July 20, 1999 **[Doc. No. 45]**. The Court having considered the motion, response, and relevant law, and being otherwise fully informed, finds that the Defendants' Motion is not well taken and will be **DENIED**.

Plaintiffs Gregorio B. Portillo and Cassie Marie Gladney brought this suit alleging constitutional claims and violations of the New Mexico Tort Claims Act. Portillo alleges that Defendant Officer Robert Jeffrey used excessive force during his arrest at a sobriety checkpoint, battered him and retaliated against him for filing a civilian complaint by wrongfully re-filing

criminal charges. Portillo further claims that he was assaulted by corrections officers at Bernalillo County Detention Center ("BCDC"). Ms. Gladney alleges that Defendant Officer Felix Martinez illegally arrested her without probable cause and in retaliation for her voiced objections to Jeffrey's treatment of Portillo. She further alleges that Martinez wrongfully filed criminal charges against her in retaliation for these objections.

Defendants have moved to exclude claims against the City of Albuquerque based on the actions of the unnamed corrections officers at BCDC because the Plaintiffs failed to comply with the notice provisions of the New Mexico Tort Claims Act (the "NMTCA"). NMSA § 41-4-16 (Michie 1996). The NMTCA requires that every person who claims damages from the state or any local public body must present a written notice stating the time, place and circumstances of the loss or injury to the public entity involved. § 41-4-16(A). No action may be maintained under the NMTCA "unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence." § 41-4-16(B).

Plaintiffs claim that Portillo's filing of a complaint with BCDC approximately one and a half months after the alleged assault occurred gave the City of Albuquerque actual notice of the occurrence. Portillo's complaint states that while he was in the jail, "one of the officer [sic] struck me and the other 2 officers jumped on me. . . . I in no manner did I speak or conduct myself to warrant this type of treatment by these officers." BCDC officials investigated Portillo's complaint and found that there was no evidence to support his allegations. The documents reflecting the investigation are on letterhead headed "City of Albuquerque" and "Bernalillo County Detention Center/City of Albuquerque."

New Mexico courts have held that "the law is now firmly established that the notice required 'is not simply actual notice of the occurrence of an accident or injury, but rather actual notice that there exists a 'likelihood' that litigation may ensue.'" *Dutton v. McKinley County Board of Commissioners*, 113 N.M. 51, 53 (Ct App. 1991). The New Mexico Supreme Court has explained that "New Mexico courts consistently have applied the 'likelihood that litigation may ensue' standard, looking at whether, from the totality of the circumstance known to the governmental entity charged with fault in the occurrence, a reasonable person would have concluded that the victim may claim compensation." *Lopez v. State*, 122 N.M. 611, 615 (1996). The purpose of the notice requirement is to ensure that the agency against whom a claim is made can investigate the facts underlying an incident while they are still fresh and to question witnesses. *Id.* at 614.

In evaluating whether a police report or other incident report is sufficient to satisfy this standard, New Mexico courts look to whether the report identifies the nature of the potential claim. *See, e.g., Lopez,* 122 N.M. at 615-16 (actual notice found where report sent to entity that handles claims, the agency at fault prepared the report and report included sufficient detail concerning the severity of injuries and facts underlying incident); *Cobos v. Dona Ana County Housing* Authority, 121 N.M. 20, 24 (Ct. App. 1995) (no actual notice where agency knew of fire and its possible causes, but had no notice that plaintiff might bring suit due to absence of smoke alarm); *Powell v. New Mexico State Highway and Transportation Dep't*, 117 N.M. 415, 418 (Ct. App. 1994) (no actual notice where police report did not mention that vehicle occupants' injuries were caused by guardrail or that guardrail was defective, the two claims brought in litigation); *Frappier v. Mergler*, 107 N.M. 61, 65 (Ct. App. 1988) (no actual notice where police report did

3

not indicate that plaintiff suffered any physical injuries or that defendant police officer was at fault in the accident, the claims brought in subsequent litigation).

In the case at hand, the Court finds that Portillo's complaint provided actual notice to the City of Albuquerque of the likelihood that litigation arising out of the detention officers' treatment of Portillo might ensue. The complaint sets forth Portillo's view that the detention officers used excessive force. This is precisely the claim he alleges in this suit. Moreover, the subsequent investigation by BCDC officials satisfied the purpose of the notice requirement since they had the opportunity to determine the relevant facts while they were still fresh and to identify potential witnesses.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine No. II: Exclusion of Claims Against the City of Albuquerque for Acts of Unknown Officers at the Bernalillo County Detention Center, filed July 20, 1999 **[Doc. No. 45]**, is hereby **DENIED**.

                                                                    _____
                                                                    MARTHA VAZQUEZ
                                                                    UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
    Carolyn M. Nichols
    Shannon L. Oliver

Attorneys for Defendant:
    Kathryn Levy
    Richard A. Sandoval