IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORIO B. PORTILLO and
CASSIE MARIE GLADNEY,

        Plaintiffs,

        vs.                                                              No. CIV 98-713 MV/WWD

THE CITY OF ALBUQUERQUE; CITY
OF ALBUQUERQUE OFFICER
ROBERT JEFFREY, in his individual
capacity; CITY OF ALBUQUERQUE
OFFICER FELIX MARTINEZ, in his
individual capacity; BERNALILLO
COUNTY DETENTION CENTER
CORRECTIONS OFFICERS-- JOHN
DOE I AND JOHN DOE II, in their
individual capacities, and THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** is before the Court on Plaintiffs' Motion in Limine to Exclude Evidence of Alleged Prior Bad Acts, filed July 20, 1999 **[Doc. No. 40]**. The Court having considered the motion, response, and relevant law, and being otherwise fully informed, finds that the Plaintiffs' Motion is well taken and will be **GRANTED**.

        Plaintiffs Gregorio B. Portillo and Cassie Marie Gladney brought this suit alleging constitutional and state tort law violations. Portillo alleges that Defendant Officer Robert Jeffrey used excessive force during his arrest at a sobriety checkpoint, battered him and retaliated against him for filing a civilian complaint by wrongfully re-filing criminal charges. Ms. Gladney alleges that Defendant Officer Felix Martinez illegally arrested her without probable cause and in

retaliation for her voiced objections to Jeffrey's treatment of Portillo. She further alleges that Martinez wrongfully filed criminal charges against her in retaliation for these objections.

Plaintiffs have moved to exclude any testimonial or documentary evidence concerning numerous police reports of incidents involving one or both of the Plaintiffs. Specifically, they move to exclude any evidence of six police reports concerning incidents in which neither Plaintiff was suspect, seven police reports concerning incidents of domestic violence involving Plaintiffs and Gladney's children, one police report concerning trespass by Portillo, one police report concerning a domestic dispute between Gladney and her son, and one police report concerning Portillo driving while intoxicated.

Plaintiffs claim that these reports are irrelevant, do not fall within any of the exceptions set out in Rule 404(b) of the Federal Rules of Evidence and are inadmissible pursuant to Rule 403 of the Federal Rules of Evidence because their prejudicial effect far outweighs their probative value. Defendants disagree, arguing that the reports are admissible on several grounds. The Court will address each of these grounds in turn.

First, defendants claim that the reports show prior run-ins with police officers, which is relevant to rebut Portillo's claim that he is different after his encounter with Jeffrey and that he is now afraid of police. The Court finds that the reports are inadmissible for this purpose. In none of the prior incidents is there any evidence that Portillo claimed any officer used excessive force against him or that he suffered injuries as a result of this use of excessive force. Prior run-ins with the police, then, cannot rebut Portillo's claims. The only thing that they do show in this context is the allegation that Portillo has become violent on many prior occasions, and Defendants may not introduce this evidence to show that he acted in propensity with this character trait in dealing with

2

Jeffrey. Advisory Committee Note to Fed.R.Evid. 404(b); *see also United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991).

Second, Defendants claim that co-workers will testify that they have known Portillo for a long time and are close to him. One of Plaintiffs' experts based his conclusions on interviews with these co-workers, and Defendants claim that they should be allowed to question these co-workers about these incidents of domestic violence to show that they knew nothing of them. Defendants reason that through this testimony by co-workers and by the expert, Portillo has put his character at issue, opening the door for Defendants to respond.

Rule 404(a)(1) provides that "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: . . . Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same." The Tenth Circuit has held that "when the central issue involved in a civil case is in nature criminal, the defendant may invoke the exceptions to Rule 404(a)." *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986).

The question then, is whether Portillo is offering character evidence through the testimony of these co-workers or the expert who relied on interviews with these co-workers. Since neither side has submitted these interviews or given the Court any sense of what these co-workers or the expert will testify to, the Court finds that the record does not support any finding that Portillo is putting any character trait at issue through this testimony. The co-workers would have to testify that Portillo is a peaceful man, or about some other character trait rebutted by the domestic violence or driving while intoxicated incidents. Even if Portillo does put some character trait at issue that is rebutted by any of these police reports, the Court will have to engage in the Rule 403

3

balancing test to evaluate whether the probative value of police reports that did not result in the filing of charges, much less a conviction, substantially outweighs the "danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403.

The Court reaches the same conclusion on the next argument raised by Defendants, which is that Dr. Martinez, Mr. Portillo's psychologist, testified that knowledge of Portillo's alleged domestic violence incidents would have been significant to his treatment of Portillo. As with the previous argument, the Defendants do not tell the Court enough for it to determine whether Portillo will be putting a character trait at issue through the testimony of Dr. Martinez. The Court does not see why a change in treatment given the domestic violence allegations will be relevant to the jury's determination of whether the Defendants violated Portillo's constitutional rights or the damages resulting from any such violation. Based on the current record, then, there is nothing about Dr. Martinez's testimony suggesting that Portillo has put character at issue.

As for Defendants' final argument, the Court does not see that police reports of incidents that happened between 1993 and 1998 can possibly be relevant to Defendants' attempts to show that "stressors in Mr. Portillo's life [other than the harm caused by the incidents alleged in the Complaint] are the cause of changes in Mr. Portillo." (Response at 3.) These incidents happened long before Portillo came into contact with Jeffrey and continued after he came into contact with Jeffrey. As such, the Court finds that they are not relevant for this purpose. Moreover, the Court finds that any possible probative value is far outweighed by the potential the jury will focus on the alleged domestic violence incidents at the expense of the claims actually at issue in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence of Alleged Prior Bad Acts, filed July 20, 1999 **[Doc. No. 40]**, is hereby **GRANTED**. However,

Defendants may move to admit some or all of the evidence of these prior incidents at the conclusion of the direct testimony of any witness called by Plaintiffs whom Defendants believe have put one of Mr. Portillo's character traits at issue.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
  Carolyn M. Nichols
  Shannon L. Oliver

Attorneys for Defendant:
  Kathryn Levy
  Richard A. Sandoval