IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORIO B. PORTILLO and
CASSIE MARIE GLADNEY,

      Plaintiffs,

     vs.                                             No. CIV 98-713 MV/WWD

THE CITY OF ALBUQUERQUE; CITY
OF ALBUQUERQUE OFFICER
ROBERT JEFFREY, in his individual
capacity; CITY OF ALBUQUERQUE
OFFICER FELIX MARTINEZ, in his
individual capacity; BERNALILLO
COUNTY DETENTION CENTER
CORRECTIONS OFFICERS-- JOHN
DOE I AND JOHN DOE II, in their
individual capacities, and THE
UNIVERSITY OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion in Limine to Introduce Evidence of Prior Internal Affairs Investigation of Defendant Jeffery and Complaints Against Defendant Martinez, filed July 20, 1999 **[Doc. No. 42]**, and Defendants' Motion in Limine No I: The Exclusion of Evidence at Trial of Prior and Subsequent, Unrelated Incidents and Internal Affairs Complaints Brought Against Defendant Officers, filed July 20, 1999 **[Doc. No. 47]**. The Court having considered the motions, responses, and relevant law, and being otherwise fully informed, finds that the Plaintiffs' Motion is not well taken and will be **DENIED** and the Defendants' Motion is well taken and will be **GRANTED**.

Plaintiffs Gregorio B. Portillo and Cassie Marie Gladney brought this suit alleging constitutional and state tort law violations. Portillo alleges that Defendant Officer Robert Jeffrey used excessive force during his arrest at a sobriety checkpoint, battered him and retaliated against him for filing a civilian complaint by wrongfully re-filing criminal charges. Ms. Gladney alleges that Defendant Officer Felix Martinez illegally arrested her without probable cause and in retaliation for her voiced objections to Jeffrey's treatment of Portillo. She further alleges that Martinez wrongfully filed criminal charges against her in retaliation for these objections.

Plaintiffs have moved to introduce a prior Internal Affairs complaint made against Jeffrey and a civil rights complaint filed in this Court against Martinez.[1] The incident alleged in the complaint filed against Jeffrey took place on July 10, 1987. The complainant, Ms. Beverly Pelletier, was the passenger in a car stopped by Jeffrey. She alleged that Jeffrey made her and the driver wait for forty minutes after stopping them, then pushed Pelletier up against the police car and arrested her and the driver. When they arrived for booking, Pelletier alleged that Jeffrey made derogatory remarks, calling her and the driver "queers" and referring to them "touching each other" and "kissing." The type of Complaint is called "Attitude," and the Internal Affairs Unit found that it was "not sustained," meaning that there was insufficient evidence to prove or disprove the allegations.

Plaintiffs claim that the Complaint is relevant to show foreseeability, a required element of holding the City liable under the New Mexico Tort Claims Act, to show that Jeffrey was not

---

[1] Although Plaintiffs refer to two civil rights complaints filed against Martinez, they state in their Motion that they seek to introduce evidence concerning the allegations involved in only one of these complaints, *Tabet v. Martinez*, No. CIV 96-1667 MV/DJS (Motion at 2.). Therefore, the Court will not address the other complaint, which was not included as an exhibit in either side's motion.

acting as a proper, reasonable officer of the law when he dealt with Portillo and to rebut Jeffrey's claim that he lacked any intent to harm Portillo. Defendants respond that foreseeability is not an element of the doctrine of respondeat superior, that the Complaint constitutes inadmissible character evidence and that the prejudice to Jeffrey from introducing this Complaint far outweighs its probative value.

The Court finds that the Complaint is not admissible. Plaintiffs cite no case law to support their claim that foreseeability is a necessary element to find the City liable and the New Mexico Supreme Court has explained that in order to find a city liable under the doctrine of respondeat superior, the relevant criteria are whether the city had direct supervisory responsibility or control over the employee responsible for the harm and whether the city is too remote to be held responsible. *Weinstein v. City of Santa Fe*, 121 N.M. 646, 653 (1996).

Even if foreseeability was a relevant criteria, the Court finds that the facts are not close enough to support an inference that the improper arrests, excessive force and retaliation alleged by Portillo and Gladney were foreseeable because of the complaint against Jeffrey. The prior complaint was made in July of 1987, almost ten years before the incident involving Portillo and Gladney occurred. Ms. Pelletier's complaint does not allege improper arrest, excessive force or retaliation.

For these same reasons, the prior Complaint is not admissible under Rule 404(b) of the Federal Rules of Evidence. Evidence of other wrongs is admissible if offered for and relevant to a proper purpose, "such as proof of motive, opportunity, identity or absence of mistake or accident, . . . ." Fed.R.Evid. 404(b). An attempt to establish a propensity to act in a certain way is not a "proper purpose." Advisory Committee Note to Fed.R.Evid. 404(b); *see also United*

3

*States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991). Evidence of other bad acts may have probative value "when the uncharged misconduct is close in time and similar in method to the charged scheme." *United States v. Morgan*, 936 F.2d 1561, 1572 (10th Cir. 1991) (citation omitted); *see also United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987) ("There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.")(quotation omitted). However, the prior Complaint cannot satisfy either of these criteria. The incident involving Ms. Pelletier happened many years ago and is not factually similar to the Plaintiffs' claims. The only similarity is the allegation that Jeffrey acted unreasonably, and this establishes only Jeffrey's propensity to respond inappropriately, which is not admissible under Rule 404(b).

Finally, the Court finds that any probative value of this Complaint is substantially outweighed by the possibility that the jury would simply consider this evidence for the impermissible purpose of proving Jeffrey's "bad" character and is therefore inadmissible pursuant to Federal Rule of Evidence 403. The probative value of a single, unsubstantiated incident involving very different facts is very low, *see, e.g., Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996), and the possible prejudice and jury confusion that might be caused by the inevitable mini-trial on this issue warrants the exclusion of the evidence.

The incident alleged in the prior lawsuit filed against Martinez occurred on November 30, 1994. The suit alleges that Martinez stopped a handicapped motorist, administered field sobriety tests that the plaintiff failed because of his physical limitations and then proceeded to administer a breath test and a blood test and to arrest the man even though Martinez lacked probable cause to do so. The suit was settled without an admission of liability.

4

Plaintiff claims that the suit is relevant to show that Martinez arrested someone without probable cause and proceeded with malicious intent, and to impeach Martinez's credibility because he lacked any memory of the incident during his deposition. As with the unsustained complaint against Jeffrey, the Court finds that the incident is not similar enough or close enough in time to justify its inclusion pursuant to Rule 404(b). The Plaintiffs claim that Martinez arrested Gladney without probable cause in retaliation for her questioning of what the officers were doing to Portillo and then wrongfully filed criminal charges against her. The prior complaint did not involve retaliation of any kind, which is the essence of Gladney's claim. As explained above, Plaintiffs may not introduce prior bad acts for the purpose of showing that Martinez acted in conformance with his propensity to act maliciously. Nor does the Court find that Martinez was anything less than forthright and truthful when asked about this incident during his deposition. Martinez testified that the suit involved someone who was arrested and claimed he was not intoxicated. From the excerpt of his deposition testimony submitted by the Defendants, it appears that Martinez answered all of the questions put to him on the subject.[2]

In any event, because the suit was settled without an admission of liability and involves only one isolated incident of alleged wrongful arrest, the low probative value of the evidence is outweighed by its prejudicial effect and the jury confusion that is likely to result from testimony concerning this incident.

Finally, the Court rejects Plaintiffs' claim that these prior bad acts are relevant to the issue of punitive damages against the officers sued in their individual capacity. While it is true that

---

[2] Since Plaintiffs did not submit or cite to any deposition testimony to the contrary, the Court must base its ruling on the only excerpts on the subject in the record.

evidence of repeated instances of misconduct is relevant in evaluating a punitive damages award, *BMW of North America, Inc. v. Gore,* 116 S. Ct. 1589, 1599-1600 (1996), there is nothing repeated about one factually dissimilar incident involving each officer.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine to Introduce Evidence of Prior Internal Affairs Investigation of Defendant Jeffery and Complaints Against Defendant Martinez, filed July 20, 1999 **[Doc. No. 42]**, is hereby **DENIED**, and Defendants' Motion in Limine No 1: The Exclusion of Evidence at Trial of Prior and Subsequent, Unrelated Incidents and Internal Affairs Complaints Brought Against Defendant Officers, filed July 20, 1999 **[Doc. No. 47]**, is hereby **GRANTED**.

                                                          MARTHA VÁZQUEZ
                                                          UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiffs:</u>
   Carolyn M. Nichols
   Shannon L. Oliver

<u>Attorneys for Defendant</u>:
   Kathryn Levy
   Richard A. Sandoval