IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORIO B. PORTILLO and
CASSIE MARIE GLADNEY,

      Plaintiffs,

vs.                                                No. CIV 98-713 MV/WWD

THE CITY OF ALBUQUERQUE; CITY
OF ALBUQUERQUE OFFICER
ROBERT JEFFREY, in his individual
capacity; CITY OF ALBUQUERQUE
OFFICER FELIX MARTINEZ, in his
individual capacity; BERNALILLO
COUNTY DETENTION CENTER
CORRECTIONS OFFICERS-- JOHN
DOE I AND JOHN DOE II, in their
individual capacities, and THE
UNIVERSITY OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Portillo's Motion for Attorneys' Fees Against Defendant Jeffery, filed October 7, 1999 **[Doc. No. 96]**. Having considered the pleadings and the relevant law, the Court finds that Plaintiffs should be awarded reasonable attorneys' fees. However, the Court finds that the amount Plaintiff requests is excessive and has therefore reduced the amount.

## BACKGROUND

Plaintiffs Gregorio B. Portillo and Cassie Marie Gladney brought this suit alleging constitutional claims under 42 U.S.C. § 1983 and violations of the New Mexico Tort Claims Act. Portillo claimed that Defendant Officer Robert Jeffrey used excessive force during his arrest at a

sobriety checkpoint, battered him and retaliated against him for filing a civilian complaint by wrongfully re-filing criminal charges against him in violation of his First Amendment rights. Portillo further charged that he was assaulted by corrections officers at Bernalillo County Detention Center ("BCDC"). Gladney alleged that Defendant Officer Felix Martinez deprived her of her Fourth Amendment rights by detaining her without reasonable suspicion and arresting her without probable cause. Gladney claimed that she was detained and arrested in retaliation for objecting to Jeffrey's treatment of Portillo in violation of the First Amendment. She further alleged that Martinez wrongfully filed criminal charges against her in retaliation for her objections.

A jury trial was held in this matter from August 16 to August 23, 1999. The jury found that Jeffrey used unconstitutionally excessive force in the course of arresting Portillo, but that Jeffrey did not violate Portillo's First Amendment rights by re-filing criminal charges against him in retaliation for his civilian complaint. The jury awarded Portillo $9,000 of compensatory damages and $1,000 of punitive damages for Jeffrey's use of excessive force. The jury found that Jeffrey and the BCDC corrections officers had battered Portillo and awarded him compensatory damages of $9,000 and $18,000 against the respective defendants for this claim.

As to Gladney's claims, the jury found that Martinez committed malicious abuse of process against Gladney by filing criminal charges against her, and awarded her $1,000 of compensatory damages for this claim. The jury found that Martinez had not arrested her for exercising her First Amendment rights. Further, it found Martinez had violated Gladney's constitutional rights by detaining her without reasonable suspicion and arresting her without probable cause, but that Martinez was entitled to qualified immunity on these claims.

Plaintiff Portillo now moves for attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiff's counsel litigated this case for approximately two and one-half years. During this time Plaintiff's counsel investigated the underlying facts in the case, researched legal issues, drafted and filed the complaint, conducted discovery, filed and responded to motions in limine, prepared for trial, conducted a six-day jury trial, and prepared the fees motion. Plaintiff's counsel have submitted time records and affidavits which indicate that Ms. Nichols spent 407.7 hours, Ms.Oliver spent 397.6 hours, and Mr. Kennedy spent 59.2 hours for work related to Plaintiff's case against Jeffries and interrelated claims. The attorneys indicate that they excluded time devoted exclusively to Plaintiff Gladney's claim and other properly excluded time. Ms. Nichols and Ms. Oliver request that their rate be set at $140.00 per hour. The requested rate for Mr. Kennedy is $160.00 per hour.

Defendant's Response raises several objections to Plaintiffs' counsels' request for fees which are discussed below.

## DISCUSSION

**I. Prevailing Party**

In federal civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Congress intended to permit an award of counsel fees only when a party has prevailed on the merits. 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party is deemed a "prevailing party" if he or she "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* Based on this standard, the Court finds that Portillo is a "prevailing party" as contemplated by 42 U.S.C. § 1988. He prevailed against Jeffrey on one of

his constitutional claims – excessive force. This was clearly a "significant issue in the litigation" which achieved some of Portillo's goal – monetary compensation for Jeffery's use of excessive force against him, thereby protecting his constitutional rights.

The finding that Portillo is a prevailing party, however, only brings the Plaintiff across the statutory threshold, allowing him to petition the Court for fees. *Hensley*, 461 U.S. at 433. Plaintiff now bears the burden of establishing that the amount of fees and costs he requests are reasonable. *Id.*

## II. The Amount to be Awarded

To make the initial determination of what amount is a reasonable fee, the court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of this multiplication is called the lodestar. The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* The district court may either accept the lodestar as the reasonable amount to award the prevailing party or the court may adjust the lodestar upward or downward, depending on the circumstances of the case. *Louisiana Power & Light Co., v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for their limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, at 436-37. The fee applicant bears the burden of proving he or she is entitled to an award, of documenting the appropriate hours expended, and of justifying the requested hourly rate. *Id.*; *Mares v. Credit*

*Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (fee applicant must "prove and establish the reasonableness of each dollar, each hour, above zero").

Jeffery requests an evidentiary hearing and oral argument on the attorney's fees motion. The Court finds that this is not necessary. An evidentiary hearing regarding attorneys fees is proper if there are facts in dispute which cannot be resolved without a hearing. *See Cramer v. United States*, 47 F.3d 379, 383 (10th Cir. 1995). However, the Supreme Court has cautioned that a "request for attorney's fees should not result in a second major litigation." *Webb v. Board of Educ.*, 471 U.S. 234, 244 n.20 (1985). Moreover, a party challenging the attorney's fees waives his or her right to a hearing by not submitting specific evidence challenging the "accuracy or reasonableness of the hours charged." *Blum v. Stetson*, 465 U.S. 886, 892 n.5 (1984). In this case, Jeffrey's challenges are of two sorts. First, he has made a number of blanket assertions regarding the fees motion, for example stating that the attorneys hours are duplicative, without pointing to specific examples. As to these assertions, not supported by evidence, Jeffery has waived his right to a hearing. *Id.* Second, Jeffery does make some specific objections to the fees motion, such as challenges to counsel's time spent on Portillo's criminal case and Internal Affairs complaints. As to those challenges, the Court finds it has the information it needs to rule on them and an evidentiary hearing is not needed.

### A. Hours Reasonably Expended

To determine the hours Portillo's counsel reasonably expended in this action, the Court must examine the reasonableness of total time reported by counsel and the time allotted to specific tasks. *Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983). "It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Ramos*, 713 F.2d

at 553 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891(D.C. Cir. 1980) (en banc)). To satisfy this burden, "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended, but at least counsel should identify the general subject matter of his time expenditure." *Hensley*, 461 U.S. at 437 n.12. "[T]he party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended [and] the nature and need for the service . . . ." *Id.* at 441 (Burger, C.J., concurring). If a party's attorney fails to document his or her hours adequately, the district court may reduce the award. *Id.* at 434; *Kellstrom*, 50 F.3d at 324 (court may reduce number of hours awarded if documentation is vague or incomplete). "The prevailing part must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Hensley*, 461 U.S. at 434) *rev'd on other grounds*, *Leavitt v. Jane L.*, 518 U.S. 137 (1996).

In this case, all three attorneys submitted detailed records of their hours spent on the case, indicating with specificity each activity completed and the time spent in tenths-of-an-hour. Plaintiff's counsel assert that they made a good faith effort to exclude time spent exclusively on Portillo's claims against UNM, Portillo's state tort claims, and Gladney's claims as well as excessive, redundant or unnecessary hours. The records indicate these excluded hours. Portillo's two trial attorneys – Nichols and Oliver – state that their work on the case was non-duplicative and that their joint trial preparation was effective and necessary due to the number of witnesses, the complexity of the medical damages issues, and the length of trial. In further support of their decision to have two trial attorneys, they note that Defendants similarly had two trial attorneys.

Jeffery challenges the reasonableness of Portillo's attorneys hours on several grounds. First, Jeffery makes several objections that Portillo's counsel did not reduce their hours to the extent required and that consequently they are seeking fees from Jeffery that he is not obligated to pay. He argues that it is "somewhat incredulous" that Nichols and Oliver reduced their overall hours by only 69.7 hours for the claims against UNM, the tort claims and Gladney's claims, leaving a total of 875.5 attorney hours. On a related note, Jeffrey argues Portillo's counsel failed to reduce their hours for the time spent exclusively on his First Amendment retaliation claim and his claims against the BCDC officers. Next, Jeffery asserts that Portillo's counsel improperly seeks reimbursement for time spent on representing Portillo in his criminal case. Jeffery points out, for example, that at a meeting on January 30, 1997 with Portillo which Oliver describes as being about his civil rights claim, they entered into a Fee Agreement for Criminal Defense. Accordingly, Jeffery argues, some of the meeting must have addressed the criminal representation, yet Oliver seeks reimbursement for it as part of her work on Portillo's civil rights claim. Jeffery also points to a meeting Oliver had on February 7, 1997. Though both the civil rights and criminal cases were discussed at the meeting, Oliver seeks reimbursement for the entire meeting. Jeffrey further challenges submitted hours spent conducting pre-trial criminal interviews. The only such interview to which Jeffrey refers in Nichols' April 16, 1997 interview with Sgt. Schultz. Moreover, Jeffery objects to fees related to complaints made to Internal Affairs.

     A plaintiff's attorney should recover for all hours reasonably expended on a civil rights lawsuit, including time spent on claims intertwined with the civil rights claim on which the plaintiff prevailed. *Hensley*, 461 U.S. at 435; *Robinson v. City of Edmon*, 160 F.3d 1275, 1283 (10th Cir. 1998). As the Supreme Court has explained, "[m]uch of counsel's time will be devoted generally

to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. . . . Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. Though this statement was made by the Court in considering whether a fee should be reduced for limited success, it is similarly applicable to Jeffery's contention in this case that the fees should be reduced because they addressed claims other than Portillo's successful excessive force claim. Portillo's counsel has properly excluded hours devoted exclusively to UNM, the tort claims, and Gladney claims. The attorneys have not stated that they excluded hours spent on Portillo's failed First Amendment claim, and therefore Nichols and Oliver's hours will be reduced by 10% to reflect those hours. However, the Court rejects Jeffery's bald assertion that Portillo's attorneys failed to reduce their hours sufficiently for unrelated work as to UNM, the tort claims, and Gladney's claim when Jeffery fails to point to a single entry that should have been excluded. *See, e.g., Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) (stating that the brief challenging the time spent "must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable").

Jeffery asserts that Portillo's counsel wrongly seek reimbursement for costs associated with his criminal charges while Portillo argues such costs are properly recoverable. Portillo relies on several cases in which attorney's fees for work done in a prior administrative proceeding were upheld if the proceeding was useful and necessary to the civil rights action. *See, e.g., Cullen v. Fliegner*, 18 F.3d 96, 105-06 (2nd Cir. 1994) (teacher entitled to fees for discrete portion of fees incurred in disciplinary hearing on which § 1988 action was subsequently brought); *Keenan v. City of Philadelphia*, 983 F.2d 459, 474 (3rd Cir. 1992) (upholding award of fees incurred in

labor arbitration, reasoning that proceeding was "inextricably linked" to the civil rights suit). Time spent on an ancillary proceedings is properly part of an attorney's fee award if the work was "both useful and of a type ordinarily necessary to advance the civil rights litigation." *Webb v. County of Board of Educ.*, 471 U.S. 234, 243 (1985). Portillo argues this standard has been met in this case because their interviews in the criminal proceeding produced statements used for impeachment and to discover facts in the case. The Court finds that counsel's time assisting plaintiffs with the Internal Affairs complaints against the arresting officers is sufficiently intertwined with the civil rights claim as to be compensable. The complaints addressed the exact mistreatment of Portillo that was the heart of his civil rights claim. Further, given that statements gained in criminal interviews were used for the civil rights action, a portion of the time Portillo's attorneys spent on his criminal charges are recoverable. The Court will include the interviews in the fees award, but will delete 50% of the hours during which counsel met with Plaintiffs about both the criminal and civil actions, for a total of 1.4 hours.[1]

Second, Jeffery argues that Oliver and Nichols have submitted edited time sheets, making it impossible to adequately review them. Accordingly, Jeffery argues, the fees should be denied or reduced for inadequate documentation. This argument is without basis. The time records reflect that the records were reviewed and edited for accuracy and to note those hours which should not be submitted in the fee statement. The Court would certainly expect nothing less and finds that counsel fulfilling their duty of checking their hours and excluding some of them is far from evidence that the documentation is inadequate.

---

[1] The following hours are included in this calculation: 1.6 hours by Oliver on January 30, 1997 and 1.2 hours by Oliver on February 7, 1997 for a total of 2.8 hours.

Third, Jeffery argues that the Court should delete unnecessary duplicate time entries. The one specific example of unnecessary duplicate entries to which Jeffery points is the preparation of the fees and costs motions. The defendant goes on to assert that "[a] careful reading of the two 'time and records' documentation makes it clear that counsel's activities were excessive, redundant or unnecessary. Many meetings between co-counsel occurred when the analysis and judgment of only one experienced and competent attorney was necessary." Defendant's Response at 11. While duplicate hours can properly be deleted, it is the defendant's burden to review the records and identify, with specificity, which hours submitted are excessive and redundant. For example, in *Sheets v. Salt Lake County*, 45 F.3d 1383, 1391 (10th Cir. 1995), the Tenth Circuit refused to disturb the district court's attorney's fees award when the defendants asserted that the requested fees were duplicative and exorbitant without substantiating their claims. Jeffery's bald assertion in this case that the attorneys' hours are excessive, redundant, or unnecessary fails to meet his burden. Further, the Court's own review of the time records does not indicate unreasonable duplication. Certainly Nichols and Oliver conferred about some matters and both attended the trial, for example, but this was not unreasonable in a civil rights trial lasting six days.

The Court is concerned with the one area that Jeffery identifies with specificity – that there was unnecessary duplication in the work on the fees motion and will reduce the relevant hours accordingly. Kennedy, who had primary responsibility for the fees motion has requested that he be compensated for 34 hours for researching, drafting, and editing the attorney's fees motion, briefly reviewing the other attorneys' hours, and compiling the affidavits. In Portillo's Reply brief Kennedy requests compensation for an additional 25.2 hours for researching, writing and editing the fees and costs reply briefs and engaging in settlement negotiations. Nichols and Oliver have

submitted records indicating that they spent 16.3 and 23.7 hours respectively on the fees and costs briefs and supporting documents. The vast majority of Nichols' time was spent on the costs bill while the remaining time was spent reviewing her time records. Oliver's time, on the other hand was spent reviewing Nichols' and Oliver's hours, though Nichols also indicates she reviewed her own hours, as well as researching and editing the fee petition and working on the exhibits and drafts. These amounts seem excessive given that Kennedy had already spent 34 hours on similar items. While, certainly Nichols and Oliver each had to review their time sheets to delete excludable time and update their fee affidavits and Nichols' time on the costs bill was reasonable, the Court finds that it was unnecessarily duplicative for both Nichols and Oliver to review Nichols' hours, particularly when Kennedy also reviewed their hours. Further, the Court finds that Kennedy and Oliver unnecessarily duplicated efforts in researching, writing, and editing the fee petition as well as "working on" the affidavits and exhibits. Accordingly, the Court will reduce the attorneys' post-judgment hours by 20%.

### B. Reasonable Hourly Rate

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge in the area." *Ramos*, 713 F.2d at 555. The Court should use "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stetson*, 465 U.S. 886, 895, n.11 (1984); *see also Beard v. Teska*, 31 F.3d 942, 956-97 (10th Cir. 1994). The attorney's customary rate is a relevant but not conclusive factor. *Ramos*, 713 F.2d at 555. The

Court must not determine a "just" or "fair" price, but rather determine what the attorney would receive if she or he were billing a paying client rather than being paid by court order.

Ms. Nichols and Ms. Oliver's requested hourly rate is $140.00. In support of their requested hourly rate, they offer affidavits by Phillip Davis and Joseph Kennedy, attorneys practicing in the civil rights area. Mr. Kennedy states that Ms. Nichols and Ms. Oliver's requested hourly rate is reasonable given their skill and experience whereas Mr. Davis states that a reasonable for Ms. Nichols and Ms. Oliver is in the upper end of a range from $125.00 to $150.00 per hour. Ms. Nichols and Ms. Oliver note that they had a rate of $115.00 approved in December 1997 in this District. Mr. Kennedy who has ten years of civil rights experience states that his reasonable rate is $160.00 per hour. In 1996, he was awarded the rate of $150.00 per hour. Defendant Jeffrey objects to the rate sought by Ms. Oliver and Ms. Nichols, but not by Mr. Kennedy. Based on their respective levels of experience and the prevailing market rate in New Mexico, the Court finds that a reasonable hourly rate for Ms. Nichols' and Ms. Oliver's services is $125.00 and a reasonable hourly rate for Mr. Kennedy's services is $160.00.

  **C.**  **Other Factors which may Increase or Decrease the Lodestar**

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. If a plaintiff obtains excellent results, his or her counsel should be compensated for all hours reasonably expended. *Id.* at 435. "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a

reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.*

Jeffery argues that the $10,000 in damages Portillo was awarded on his excessive force case does not justify recovering fees for 805.8 hours of attorney time. It is important to note that courts have consistently rejected the argument that an attorney's fee award must be proportional to the damages recovered where the case served to protect civil rights. *See, e.g., Nephew v. City of Aurora*, 830 F.2d 1547, 1550-51 (10th Cir. 1987) (en banc) (upholding fee award of $12,500 to prevailing plaintiffs in civil rights action alleging discrimination by policy officers against Blacks though prevailing plaintiff were only awarded nominal damages of $1 because most important aspect of judgment was vindication of plaintiffs' civil rights and message to police department) ; *Hyde v. Small*, 123 F.3d 583 (7th Cir. 1997); *Orchano v. Advanced Recover, Inc.*, 107 F.3d 94, 98 (2d Cir. 1997). Because Portillo achieved an important success in protecting his right to be free from excessive force in violation of the Fourth Amendment, the Court declines to reduce the lodestar based on disproportionality between the damages and fees sought.

In determining whether the lodestar should be adjusted based on the level of success, the Tenth Circuit has explained that the district court must "make qualitative comparisons among substantive claims." *Jane L.*, 61 F.3d at 1511. The fact that plaintiff did not prevail on some of his or her claims, alone, is insufficient to justify reducing the lodestar if claims are related, that is they are based on a "common core of facts," and plaintiff prevailed on a significant, related claim. Id. at 1511. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440. The Tenth Circuit has also cautioned that "when a

13

plaintiff achieves the principal goal of her lawsuit, lack of success on some of her interrelated claims may not be used as a basis for reducing the plaintiff's fee award." *Robinson*, 160 F.3d at 1283. In this case, Portillo prevailed on his claim based on excessive force in violation of the Fourth Amendment as well as one of his state law claim, but did not prevail on the First Amendment and the other state law claim.[2] It is also important to note that the Court has already reduced counsel's hours for time spent on the First Amendment claim. Given this and given that Portillo's claims were intertwined – based on the common set of facts regarding Jeffery's mistreatment of Portillo, the Court declines to either reduce or enhance the lodestar based on the success of the litigation. The Court finds that overall the result Portillo achieved is neither limited nor exceptional. *See Ramos*, 713 F.2d at 556-58.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Portillo's Motion for Attorneys' Fees Against Defendant Jeffery **[Doc. No. 96]**, is hereby granted in part. Portillo is hereby awarded $97,521.50 in attorney's fees plus interest from the date of this Order. The Court's calculations are set forth in Appendix A of this Order.

Dated this 25th day of April, 2000.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorneys for Plaintiffs:
Carolyn M. Nichols
Shannon L. Oliver
Joseph P. Kennedy

Attorneys for Defendant:
Kathryn Levy
Richard A. Sandoval

---

[2]Success on a pendant state law claim indicates the overall success of the litigation. *See, e.g., Garrity v. Sununu*, 752 F.2d 727 (1st Cir. 1984).

# APPENDIX A

**Carolyn M. Nichols, Esq**.

| | | |
|---|---|---|
| Prejudgment Hours Expended | 391.4 hours | |
| Less | - 39 hours | (10% for time on First Amendment claim) |
| Post-judgment Hours Expended | 16.3 hours | |
| Less | <u>- 3.3 hours</u> | (20% for unnecessary duplication on post-judgment work) |
| Total Reasonable Hours | 365.4 hours | |
| x Approved Rate | <u>$125.00 per hour</u> | |
| **Fees Awarded for Ms. Nichols** | **$45,675.00** | |

**Shannon L. Oliver, Esq**.

| | | |
|---|---|---|
| Prejudgment Hours Expended | 373.9 hours | |
| Less | - 37.4 hours | (10% for time on First Amendment claim) |
| | - 1.4 hours | (for time on criminal charges not excluded) |
| Post-judgment Hours Expended | 23.7 hours | |
| Less | <u>- 4.7 hours</u> | (20% for unnecessary duplication on post-judgment work) |
| Total Reasonable Hours | 354.1 hours | |
| x Approved Rate | <u>$125.00 per hour</u> | |
| **Fees Awarded for Ms. Oliver** | **$44,262.50** | |

**Joseph P. Kennedy, Esq.**

| | | |
|---|---|---|
| Hours Expended | 59.2 hours | (All Post-judgment) |
| Less | -11.8 hours | (20% for unnecessary duplication on post-judgment work) |
| Total Reasonable Hours | 47.4 hours | |
| x Approved Rate | $160.00 per hour | |

**Fees Awarded for Mr. Kennedy: $7, 584**

**Total Fees Awarded:**

| | |
|---|---|
| Ms. Nichols | $45,675.00 |
| Ms. Oliver | $44,262.50 |
| Mr. Kennedy | $ 7,584.00 |
| **TOTAL:** | **$97,521.50** |

(The attorneys are to add applicable gross receipts tax. Interest at 5.232% is awarded from the date of this Order until paid.)